[No. 6553.  Decided March 4, 1907.]

GEORGE L. HOPPE *et al.*, *Appellants*, v. ANNA M. ROSENBERG, *Respondent.*[1]

LANDLORD AND TENANT—LEASE—AGREEMENT TO LOWER BUILDING—LIABILITY OF LANDLORD—RE-LEASE. A lessor is relieved from her covenant in a lease to lower the storerooms to the established grade upon a regrade of the street, where she consented to an assignment of the lease upon consideration of being held safe and harmless from any damage of any kind or character caused by the regrade of the street, the consent to the assignment and the covenant being inconsistent.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 18, 1906, upon sustaining a demurrer to the complaint, dismissing an action for damages for breach of a covenant contained in a lease. Affirmed.

*E. P. Edsen* and *John E. Humphries*, for appellants.

*Hughes, McMicken, Dovell & Ramsey*, for respondent.

ROOT, J.—Respondent and husband executed to one Teater a lease to certain improved real estate at the corner of Third avenue and Cherry street, in the city of Seattle. The lease contained the following covenant:

"And the said first parties further covenant and agree that when the grade on Third avenue is permanently estab-

[1]Reported in 88 Pac. 1114.

lished, they will lower the store rooms on the south half of lot 1 at their own expense to the established grade."

This provision was embodied in contemplation of the fact that the city was about to regrade and widen Third avenue. Some time after the execution of the lease, Teater desired to assign the same to these appellants. To do this it was necessary to obtain the consent of respondent, who had prior thereto succeeded solely to all of the interests in said premises owned by herself and husband at the time of the making of the lease. Respondent signed a written consent to the assignment, which contained, among others, the following provision:

"A further consideration for said assignment to said second parties being that I, the said first party, am to be safe and held harmless from any loss of rent occasioned to said second parties, or any other damage of any kind or character caused to them by the regrade and widening of Third avenue in said city of Seattle."

Subsequently, the regrading and widening of Third avenue by the city rendered a portion of said premises inaccessible and made it impossible for appellants to use or let parts of the building. The respondent refusing to lower the building to the new grade, this action was brought by appellants to recover damages for breach of the covenant set forth in the lease.

The rulings of the trial court upon certain motions to strike, and upon a demurrer to the complaint, are assigned as error. That court sustained a demurrer to the complaint upon the ground that the provisions and conditions set forth in the written consent of respondent to the assignment of the lease were such as to relieve her from all liability for damages such as appellants were suing for. Appellants urge that the provision and condition quoted from the consent to assignment are not inconsistent with the provision in the original lease whereby respondent agreed to lower the buildings to grade. Respondent maintains that the very purpose

of said condition and provision in the consent to the assignment was to relieve respondent from liability to the lessee and his assignees for any damages occasioned in any way by reason of the regrading and widening of Third avenue. We think respondent's contention must be upheld. When this assignment was made by Teater to appellants, it was, under the terms of the lease, inoperative without the written consent of respondent. She at that time knew that the regrade and widening of Third avenue must necessarily interfere with the enjoyment of the demised premises. She knew that, under the lease as originally drawn, she would be required, at her expense, to lower the buildings on the south half of lot 1 to the new grade when it should become established. It seems evident that she desired to release herself from this obligation. She signed the consent to the assignment only after it was made to include a provision and condition that she should be absolved from liability for all damages occasioned by the street improvement. This being true, the ruling of the trial court in sustaining the demurrer was correct, and the rulings upon the motions became immaterial.

Appellants having elected to stand upon their complaint, and having appealed from the judgment of dismissal thereupon rendered, it follows that said judgment must be, and it is hereby, affirmed.

HADLEY, C. J., FULLERTON, DUNBAR, MOUNT, CROW, and RUDKIN, JJ., concur.